UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAKEISHA D. WASHINGTON,<br><br>　　Plaintiff,<br><br>v.<br><br>CASTLE CREDIT CO HOLDINGS, LLC, and JOHN DOES 1-10,<br><br>　　Defendants. | Case No. 4:22-cv-03680<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

**NOW COME** LAKEISHA D. WASHINGTON ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through their undersigned counsel, complaining of CASTLE CREDIT CO HOLDINGS, LLC, ("Defendant") and JOHN DOES 1-10, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, invasion of privacy, trespass to chattels, and intentional/negligent infliction of emotional distress.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the TCPA, a federal statute. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Tomball, Texas.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a consumer finance company that offers financing programs for home improvements, including competitive programs for purifiers, filtration systems and similar products. Defendant's principal office located at 200 S. Michigan Avenue, Suite 450 in Chicago, Illinois.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

11. At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN

DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents John Does 1-10.

## FACTUAL ALLEGATIONS

12. Prior to the events giving rise to this action, Plaintiff financed a water filtration system through Defendant ("subject debt").

13. Plaintiff paid her monthly payments for the subject account despite being dissatisfied and wanting the system removed.

14. Plaintiff suffered a financial hardship and stopped making her monthly payments in or around May 2022.

15. Immediately upon missing a payment, Plaintiff began receiving calls to her cellular phone from Defendant regarding the subject debt.

16. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9507.

17. At all times relevant, Plaintiff's number ending in 9507 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

19. Fed up with the harassing collection calls, Plaintiff answered a call from Defendant on September 13, 2022.

20. Upon answering the telephone call and saying "hello", the Plaintiff was greeted with an artificial and/or prerecorded voice asking Plaintiff to wait to speak with a live representative.

21. Frustrated by not being able to speak with a live person, Plaintiff disconnected the call and called back in an effort to reach an actual person to speak to.

22. During this call, Plaintiff requested that Defendant cease its collection calls as she was not able to pay.

23. Despite Plaintiff's request that the collection calls cease, Defendant continued its harassing collection calls to Plaintiff's cellular phone.

24. In some of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemail messages on Plaintiff's cellular phone requesting a call back.

26. In an effort to escape Defendant's harassing collection calls, Plaintiff would block the numbers that Defendant called from, only for Defendant to call from new numbers.

27. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

28. From September 13, 2022 through the present, Defendant placed numerous artificial and/or prerecorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

29. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

30. It was clear to Plaintiff that all of Defendants' phone calls utilized an artificial and/or prerecorded voice ("robocalls") as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails and the greeting in answered calls was monotone and was conspicuously not the voice of a live representative; (4) the caller never identified themselves by name; (5) none of Defendant's voicemails identified by name the intended recipient of the call; and (6) all voicemails directed Plaintiff to call the same number (call center) to speak to an unidentified representative.

31. All of Defendant's robocalls were placed from the phone number (312) 939-0985.

32. Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

34. Due to Defendant's refusal to honor Plaintiff's request to cease contact with her, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its unlawful robocalls.

## CLASS ALLEGATIONS

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf (John Does 1-10) placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this Complaint through the date of class certification.

37. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

38. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

39. The exact number of the members of the Putative Class is unknown to Plaintiff's at this time and can only be determined through targeted discovery.

40. The menmbers of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

41. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

42. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

43. Those questions predominate over any questions that may affect individual members of the Putative Class.

## C. Typicality

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

## D. Superiority and Manageability

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

## E. Adequate Representation

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiffs and the Members of the Putative Class)**

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

54. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

55. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

56. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its calls.

57. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

58. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiffs and the Putative Class.

59. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, request the following relief:

    a.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b.    a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    c.    an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

    d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

    e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

    f.    any further relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

60. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

61. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

61. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

      **a.**      **Violations of TDCA § 392.302**

62.      The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

63.      Defendant violated the TDCA when it continued to call Plaintiff's cellular phone despite her demands and the information she provided Defendant. Defendant persisted in harassing her for payment, including after Plaintiff's demand that its contacts cease. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls intended to harass Plaintiff.

64.      Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that their conduct was unwelcome.

      **b.**      **Violations of TDCA § 392.304**

65.      The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

66.      Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone in the manner it did. Defendant was prohibited from harassing Plaintiff, and its conduct in knowingly

harassing Plaintiff was thus deceptive as it suggested to Plaintiff that she was required to endure such harassment unless and until she paid a payment on the subject debt.

67. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding any other relief as this Arbitrator deems just and appropriate.

## .COUNT III:
## Invasion of Privacy by Intrusion Upon Seclusion

69. All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

70. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

71. Defendant's intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

72. The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

73. A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a. A finding that Defendant's invaded Plaintiff's privacy by intrusion upon seclusion;

    b. Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

    c. An award of actual damages; and

    d. An award of punitive damages.

## COUNT IV:
### Trespass to Chattels

74. All preceding Paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

75. Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

76. Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring, therefore temporarily impairing the phone's physical condition.

77. Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

78. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    a. A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

    b. Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

    c. An award of actual damages; and

    d. An award of punitive damages.

## COUNT V:
### Intentional Infliction of Emotional Distress

79. All paragraphs of this Demand are expressly adopted and incorporated herein as though fully set forth herein.

80. Generally, liability for the tort of intentional infliction of emotional distress may be found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

81. Defendant's comprehensive conduct in placing relentless unending collection calls and ignoring Plaintiff's request that the collection calls cease goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

82. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

b. Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

c. An award of actual damages; and

d. An award of punitive damages

<h3 style="text-align:center"><u>DEMAND FOR JURY TRIAL</u></h3>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: October 25, 2022                                  Respectfully submitted,

**LAKEISHA WASHINGTON**

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*