UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**LAKEISHA D. WASHINGTON**

    **Plaintiff,**

v.                                                                   CIVIL ACTION NO. 4:22-cv-03680

**CASTLE CREDIT CO HOLDINGS,
LLC, and JOHN DOES 1-10,**

    **Defendants.**

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Date of Conference:** January 11, 2023

**For Plaintiff: Marwan R. Daher**

**For Defendant: Liara A. Silva**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

Amaro Garza, Jr. v. Castle Credit Co Holdings, et al, 4:22-cv-03675 (S.D. Tex., Jd. Eskridge) (filed on 10/24/22 as a class action, asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 et seq. related to the transmission of pre-recorded messages without consent).

Marcia Brownlow v. Castle Credit Co Holdings, et al, 1:22-cv-06982 (N.D. Ill.) (filed on 12/13/22 as an individual action, asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. related to the transmission of pre-recorded messages without consent. Also asserting state law claims of Invasion of Privacy, Trespass to Chattels and Intentional Infliction of Emotional Distress).

3. Briefly describe what this case is about.

**Plaintiff: This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, invasion of privacy, trespass to chattels, and intentional/negligent infliction of emotional distress. Prior to the events giving rise to this action, Plaintiff financed a water filtration system through Defendant ("subject debt"). Plaintiff paid her monthly payments for the subject account despite being dissatisfied and wanting the system removed. Plaintiff suffered a financial hardship and stopped making her monthly payments in or around May 2022. Plaintiff began receiving calls to her cellular phone from Defendant regarding the subject debt. Fed up with the harassing collection calls, Plaintiff answered a call from Defendant on September 13, 2022. Plaintiff requested that Defendant cease its collection calls as she was not able to pay. Despite Plaintiff's request, Defendant continued its harassing collection calls to Plaintiff's cellular phone. From September 13, 2022 through the present, Defendant placed numerous artificial and/or prerecorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease. It was clear to Plaintiff that all of Defendants' phone calls utilized an artificial and/or prerecorded voice ("robocalls") as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails and the greeting in answered calls was monotone and was conspicuously not the voice of a live representative; (4) the caller never identified themselves by name; (5) none of Defendant's voicemails identified by name the intended recipient of the call; and (6) all voicemails directed Plaintiff to call the same number (call center) to speak to an unidentified**

representative. Defendant's intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

**Defendant: Castle Credit Co Holdings, LLC contends that it had prior express consent under the TCPA and that it has no records of Plaintiff contacting Defendant to inform it to stop calling her.**

4. Specify the allegation of federal jurisdiction. Identify any parties who disagree and the reasons.

**This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the TCPA, a federal statute. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.**

6. List anticipated interventions.

**None.**

7. Describe class-action issues.

**None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Initial disclosures required by Rule 26(a) will be made on or before February 3, 2023.**

9. Apart from initial disclosures, specify other discovery served or accomplished to date.

**None to date.**

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **(1) The parties conferred on January 11, 2023.**

   **(2) During the conference, the parties discussed all the matters required under Rule 26(f)(2).**

   **(3) The parties intend on composing a discovery plan in the near future.**

   **(4) An expedited schedule is not necessary.**

   B. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

   **Plaintiff anticipates that it will send interrogatories to Defendant on or before March 2, 2023 under the limits of Rule 33(a).**

   C. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

   **Defendant anticipates that it will send interrogatories Plaintiff on or before March 2, 2023 under the limits of Rule 33(a).**

   D. Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions should apply, and any reasons for any requested adjustment.

   **Plaintiff anticipates that she will take Defendant's Rule 30(b)(6) oral deposition on or before April 14, 2023.**

E. Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions should apply, and any reasons for any requested adjustment.

**Defendant anticipates that it will take Plaintiff's deposition on or before April 28, 2023.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff anticipates that she designate her experts by September 26, 2023. Opposing party will be able to designate responsive experts and provide their reports by October 26, 2023.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**On or before September 26, 2023, Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**On or before October 26, 2023, Defendant will be able to designate experts and provide expert reports in compliance with Rule 26(a)(2)(B). Expert depositions are unknown at this time.**

11. State the date the planned discovery can reasonably be completed.

**December 12, 2023**

12. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties will work amicably towards settlement discussions.**

**The parties have agreed to periodically confer on whether the matter can be settled early.**

14. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Settlement Conference with assigned Magistrate at or near discovery deadline.**

15. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not unanimously agree to a trial before a magistrate judge.**

16. State whether a jury demand has been made and if it was made on time.

**A jury demand has been made by Plaintiff. Said jury demand was made on time.**

17. Specify the number of hours it will take to present the evidence in this case.

**It will take approximately eight (8) hours to present the evidence in this case.**

18. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

19. List other motions pending.

**None.**

20. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.

**N/A**

22. Certify that all parties have filed the Disclosures of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

**Plaintiff filed its Disclosure of Interested Persons on November 29, 2022. Defendant shall file its Disclosure of Interest Persons prior to January 25, 2023.**

23. If the case involves an unincorporated entity as a party such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.

**Counsel for Defendant will investigate Defendant's current membership and file a supplemental declaration prior to January 25, 2023.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**For Plaintiff:**

**Mohammed O. Badwan (Illinois Bar No. 6299011)**
**Omar T. Sulaiman (Illinois Bar No 6322837)**
**Marwan R. Daher (Illinois Bar No. 6325465)**
**SULAIMAN LAW GROUP, LTD.**
**2500 South Highland Avenue**
**Suite 200**
**Lombard, IL 60148**
**630-575-8181**

**mbadwan@sulaimanlaw.com
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com**

**For Defendant:**

**Liara A. Silva
TX Bar No. 24117923
Southern District of Texas No. 3642868
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
Telephone: 512.476.9103, x-231
Facsimile: 512.279.0310
lsilva@bn-lawyers.com**

Dated: January 11, 2023

| | |
|---|---|
| */s/ Marwan R. Daher* | */s/ Liara A. Silva* |
| Mohammed O. Badwan | Liara A. Silva |
| Omar Sulaiman | TX Bar No. 24117923 |
| Marwan R. Daher | Southern District of TX No. 3642868 |
| SULAIMAN LAW GROUP, LTD. | BARRON & NEWBURGER, P.C. |
| 2500 South Highland Avenue | 7320 N. MoPac Expy., Suite 400 |
| Suite 200 | Austin, TX 78731 |
| Lombard, IL 60148 | Telephone: 512.476.9103, x-231 |
| 630-575-8181 | Facsimile: 512.279.0310 |
| mbadwan@sulaimanlaw.com | lsilva@bn-lawyers.com |
| osulaiman@sulaimanlaw.com | |
| mdaher@sulaimanlaw.com | |
| *Counsel for Plaintiff* | |